UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

SCAN ONLY
CLOSED

Case No.: SA CV 99-1235-AHS(MLGx)        Date: **May 16, 2007**

Case Title: GERALD WALL v. COUNTY OF ORANGE, etc., et al.

========================================================================

PRESENT:  THE HONORABLE ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE

| Ellen Matheson | Jennifer Lewis |
| Deputy Clerk | Court Reporter |

ATTORNEY(S) PRESENT FOR PLAINTIFF(S):    ATTORNEY(S) PRESENT FOR DEFENDANT(S):
Gerda A. Kleykamp                         Norman J. Watkins

PROCEEDINGS:    PLAINTIFF'S MOTION TO RE-TAX COSTS

   Cause called. Tentative Ruling provided to counsel prior to hearing, a copy of which shall be attached to the clerk's minutes on these proceedings. Hearing held. Counsel argue. Court rules in accordance with the Tentative Ruling. Motion is granted in part and denied in part.

   Court orders costs allowed to defendant in the sum of $40,751.15. Clerk is ordered to amend the judgment accordingly.

DOCKETED ON CM
MAY 31 2007
BY _____ 024

Initials of Deputy Clerk: _____    00 : 15

363

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE ALICEMARIE H. STOTLER, CHIEF JUDGE, PRESIDING

TENTATIVE RULING ON LAW & MOTION MATTERS

May 21, 2007,   Calendar No. 4

CASE:      **Dr. Gerald Wall v. County of Orange, etc., et al.**
           SA CV 99-1235 AHS (MLGx)

MOTION(S) PENDING: Plaintiff's Motion to Re-Tax Costs

---

      1.   The Court grants in part and denies in part plaintiff's motion to re-tax costs.

      2.   Under Local Rule 54-9, a review of the Clerk's taxation of costs is "limited to the record made before the Clerk, and [may] encompass only those items specifically identified in the motion." Local Rule 54-9. District courts have authority to enact Local Rules governing the conduct of the business before them, and such Local Rules have the force of law. Whitfield v. Scully, 241 F.3d 264, 270 (2nd Cir. 2001), citing Weil v. Neary, 278 U.S. 160, 169, 49 S. Ct. 144, 73 L. Ed. 243 (1929). Thus, the Court proceeds to review only the costs to which plaintiff objects, not the entirety of the amounts taxed as costs.

      3.   The Federal Rules of Civil Procedure instruct the Court that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d). Congress has set forth, in 28 U.S.C. § 1920, the costs to be awarded:

> A judge or clerk of any court of the United States may tax as costs the following:  (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;

>   (4) Fees for exemplification and copies of
>   papers necessarily obtained for use in the
>   case; (5) Docket fees under section 1923 of
>   this title; (6) Compensation of court
>   appointed experts, compensation of
>   interpreters, and salaries, fees, expenses,
>   and costs of special interpretation
>   services under section 1828 of this title.

See 28 U.S.C. § 1920. This matter concerns "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" under Section 1920(4).

    4.   "Necessarily obtained for use in the case" does not require a copy or original be admitted into evidence. See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990). The Court finds the documents contained in Item Nos. 1 and 97 were "necessarily obtained for use in the case" as required by Section 1920(4). The bulk of these exhibits were necessary to disprove plaintiff's claim for damages. Further, the length of trial and complexity of the issues likely made it difficult for defendants to anticipate which documents defendants would need to actually use.

    5.   The Court allows costs for Item No. 1 in its entirety. Exhibit F attached to the Bill of Costs substantially substantiates defendants' claim with respect to Item No. 1.

    6.   As to Item No. 97, the Court finds the reduction in cost per page to $0.15 per page to be reasonable, thereby reducing the total cost by $5,844.20. Recovery for Item No. 97 is $8,766.30.

    7.   Plaintiff's motion is granted to the extent recovery for Item Nos. 1 and 97 is reduced from $19,946.14 to $14,101.94. This modification reduces the total amount of costs for "fees for exemplification and copies of papers necessarily obtained for use in the case" to $14,601.94. The Cost Bill total should be $40,751.15.

    8.   The Judgment shall be amended to reflect the foregoing amount of costs allowed to defendants.